1  Fred W. Schwinn (SBN 225575)
   CONSUMER LAW CENTER, INC.
2  12 South First Street, Suite 1014
   San Jose, California  95113-2403
3  Telephone Number: (408) 294-6100
   Facsimile Number: (408) 294-6190
4  Email Address: fred.schwinn@sjconsumerlaw.com

5  Attorney for Plaintiff
   TABITHA BALVINA KNIESCH
6

7

8              IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF CALIFORNIA
9                      SAN JOSE DIVISION

10  TABITHA BALVINA KNIESCH,              Case No.  C07-03398-RMW-PVT

11                      Plaintiff,

12  v.                                    **JOINT CASE MANAGEMENT
                                          STATEMENT AND FEDERAL RULE
13  NCO FINANCIAL SYSTEMS, INC., a        OF CIVIL PROCEDURE 26(f)
    Pennsylvania corporation,             DISCOVERY PLAN**
14
                        Defendant.        Date:        October 5, 2007
15                                        Time:        10:30 a.m.
                                          Judge:       Honorable Ronald M.
16                                                     Whyte
                                          Courtroom:   6, 4th Floor
17                                        Place:       280 South First Street
                                                       San Jose, California
18

19         The parties in the above-entitled action hereby submit this Joint Case Management Statement

20  and Federal Rule of Civil Procedure 26(f) Discovery Plan for the initial case management

21  conference to be conducted in this matter on October 5, 2007, at 10:30 a.m.

22         **1.     Jurisdiction and Service**

23         The basis for the Court's subject matter jurisdiction is federal question jurisdiction.  No

24  parties remain to be served.

25         **2.     Statement of Facts**

26             **a.     Plaintiff's Statement**

27         This case is brought by an individual consumer to address Defendant's violations of the Fair

28  Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") and of the Rosenthal

-1-

1   Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.33 (hereinafter

2   "RFDCPA").  The alleged violations stem from Defendant's communications attempting to collect

3   a consumer debt from Plaintiff.  Collection efforts by the Defendant have been detailed in the

4   Complaint.

5           Generally, Plaintiff owed a consumer debt which was sold, assigned or otherwise transferred

6   to Defendant for collection.  Thereafter, Defendant began telephoning Plaintiff in an attempt to

7   collect the debt.  On or about December 7, 2006, an employee of Defendant using the name Mr.

8   Fuller made a telephone call to Plaintiff on her cellular telephone.  When Plaintiff answered the

9   cellular telephone call she was shopping in a store and could not talk to Defendant's employee.

10  Plaintiff told Defendant's employee that it was an inconvenient time for her to talk to him then

11  Plaintiff disconnected the telephone call.

12          Immediately thereafter, Defendant's employee placed another telephone call to Plaintiff's

13  cellular telephone and when Plaintiff did not answer the call, Defendant's employee recorded the

14  following message to Plaintiff's voice mail:

15              Yes, Tabitha.  How you doing.  Mr. Fuller calling at NCO.  No use in playing games.
                We'll be getting to know each other real well in the next couple of days.  Um, I need a
16              return call.  I'm calling in regards to your file number, CD0092.  I need a return
                call from you or your representation.  I do have a list of friends and relatives here.
17              I'll start contacting if I don't hear from you, so give me a call.  1-800-227-4000, at
                extension 3313.  Please reference your file number, CD0092.
18

19          Plaintiff contends that the voice mail message left by Defendant's employee failed to

20  disclose Defendant's identity and the nature of Defendant's business, in violation of 15 U.S.C. §

21  1692d(6) and Cal. Civil Code § 1788.11(b).  See, *Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F.

22  Supp. 2d 1104, 1112, 1118 (C.D. Cal. 2005).

23          Plaintiff contends that Defendant's employee failed to disclose that the voice mail message

24  was a communication from a debt collector, in violation of 15 U.S.C. § 1692e(11), and Cal. Civil

25  Code § 1788.17.  See *Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F. Supp. 2d 1104, 1116 (C.D.

26  Cal. 2005);  *Foti v. NCO Financial Systems, Inc.*, 424 F. Supp. 2d 643, 669 (S.D.N.Y. 2006).

27          Plaintiff contends that Defendant communicated with Plaintiff at a time and place that

28  Defendant knew or should have known was inconvenient for Plaintiff, in violation of 15 U.S.C. §

-2-

1 | 1692c(a)(1), and Cal. Civil Code § 1788.17.

2 |     Plaintiff contends that Defendant caused Plaintiff's telephone to ring repeatedly or

3 | continuously with the intent to annoy, abuse or harass Plaintiff, in violation of 15 U.S.C. § 1692d(5),

4 | Cal. Civil Code § 1788.17 and Cal. Civil Code § 1788.11(d).

5 |     Plaintiff contends that Defendant caused Plaintiff's telephone to ring with such frequency

6 | as to be unreasonable and constitute harassment to Plaintiff under the circumstances, in violation

7 | of 15 U.S.C. § 1692d(5), Cal. Civil Code § 1788.17 and Cal. Civil Code § 1788.11(e).

8 |     Plaintiff also contends that Defendant threatened to contact Plaintiff's friends and relatives

9 | in an attempt to collect the debt, an action that cannot legally be taken or that was not intended to

10 | be taken, in violation of 15 U.S.C. § 1692e(5), Cal. Civil Code § 1788.17 and Cal. Civil Code §

11 | 1788.12(b).

12 | **b.    Defendant's Statement**

13 | American Express placed plaintiff's account with NCO for collection on or about December

14 | 6, 2006.  According to NCO's records, efforts were made to contact plaintiff in connection with the

15 | debt for a period of less than one week, from December 7 to December 12, 2006.  Defendant

16 | contends it has not violated the FDCPA or Rosenthal Act in connection with efforts to collect

17 | plaintiff's account.

18 | **3.    Legal Issues**

19 | The principal legal issues which the parties dispute:

20 | a.    Whether the voice mail message left by Defendant's employee failed to disclose

21 |     Defendant's identity and the nature of Defendant's business, in violation of 15

22 |     U.S.C. § 1692d(6) and Cal. Civil Code § 1788.11(b).

23 | b.    Whether Defendant's employee failed to disclose that the voice mail message was

24 |     a communication from a debt collector, in violation of 15 U.S.C. § 1692e(11), and

25 |     Cal. Civil Code § 1788.17.

26 | c.    Whether Defendant communicated with Plaintiff at a time and place that Defendant

27 |     knew or should have known was inconvenient for Plaintiff, in violation of 15 U.S.C.

28 |     § 1692c(a)(1), and Cal. Civil Code § 1788.17.

JOINT CASE MANAGEMENT STATEMENT AND DISCOVERY PLAN        Case No.  C07-03398-RMW-PVT

d.    Whether Defendant caused Plaintiff's telephone to ring repeatedly or continuously with the intent to annoy, abuse or harass Plaintiff, in violation of 15 U.S.C. § 1692d(5), Cal. Civil Code § 1788.17 and Cal. Civil Code § 1788.11(d).

e.    Whether Defendant caused Plaintiff's telephone to ring with such frequency as to be unreasonable and constitute harassment to Plaintiff under the circumstances, in violation of 15 U.S.C. § 1692d(5), Cal. Civil Code § 1788.17 and Cal. Civil Code § 1788.11(e).

f.    Whether Defendant threatened to contact Plaintiff's friends and relatives in an attempt to collect the debt, an action that cannot legally be taken or that was not intended to be taken, in violation of 15 U.S.C. § 1692e(5), Cal. Civil Code § 1788.17 and Cal. Civil Code § 1788.12(b).

**4.    Motions**

There are no Motions pending at this time.  However, the parties will likely file motions for summary judgment or partial summary judgment.

**5.    Amendment of Pleadings**

At this time, Plaintiff does not anticipate amending the Complaint.  Plaintiff reserves the right to seek leave of the Court to file an amended Complaint should Plaintiff discover additional facts or claims.

**6.    Evidence Preservation**

Plaintiff will propose a protective order to govern production of confidential material in the litigation.

Defendant has directed their relevant employees to preserve all documents, in paper or electronic form, related to the subject matter if this case.

**7.    Disclosures**

**a.    Plaintiff's Statement**

Plaintiff served formal written disclosures on September 12, 2007, as required by Fed. R. Civ. P. 26(a)(1).

/ / /

-4-

JOINT CASE MANAGEMENT STATEMENT AND DISCOVERY PLAN        Case No.  C07-03398-RMW-PVT

1    **b.    Defendant's Statement**

2    Defendant will serve written disclosures on or before September 28, 2007, as required by

3    Fed. R. Civ. P. 26(a)(1).

4    **8.    Discovery**

5    **Plaintiff's Discovery:**  Plaintiff will serve Interrogatories and Requests for Production of

6    Documents shortly.  At this time and without the benefit of Defendant's initial disclosures, Plaintiff

7    anticipates that she may require up to 10 depositions in this matter.

8    **Defendant's Discovery:**  Defendant will serve Interrogatories and Requests for Production

9    of Documents directed at assessing Plaintiff's claims as well as the nature and extent of her claimed

10   damages.  Defendant anticipates taking the deposition of plaintiff.  Additional depositions may be

11   needed based upon plaintiff's responses to discovery, but defendant anticipates taking no more than

12   two additional depositions.

13   **9.    Class Actions**

14   This case is not a class action.  Plaintiff reserves the right to seek leave of the Court to file

15   an amended Complaint containing class allegations.

16   **10.    Related Cases**

17   The parties are not aware of any related cases at this time.

18   **11.    Relief**

19   **a.    Plaintiff's Statement**

20   Plaintiff requests that this Court:

21          i.      Declare that Defendant's voice mail message violated the Fair Debt

22                  Collection Practices Act, 15 U.S.C. §§ 1692d(6) and 1692e(11);

23          ii.     Declare that Defendant's voice mail message violated the Rosenthal Fair

24                  Debt Collection Practices Act, Cal. Civil Code §§ 1788.11(b) and 1788.17;

25          iii.    Declare that Defendant violated the Fair Debt Collection Practices Act, 15

26                  U.S.C. §§ 1692c(a)(1), 1692d(5) and 1692e(5);

27          iv.     Declare that Defendant violated the Rosenthal Fair Debt Collection Practices

28                  Act, Cal. Civil Code §§ 1788.11(b) and 1788.17;

JOINT CASE MANAGEMENT STATEMENT AND DISCOVERY PLAN      Case No.  C07-03398-RMW-PVT

1    v.    Award Plaintiff actual damages in an amount to be determined at trial,
2          pursuant to 15 U.S.C. § 1692k(a)(1) and Cal. Civil Code § 1788.30(a).

3    vi.   Award Plaintiff statutory damages in an amount not exceeding $1,000
4          pursuant to 15 U.S.C. § 1692k(a)(2)(A);

5    vii.  Award Plaintiff a statutory penalty in an amount not less than $100 nor
6          greater than $1,000 pursuant to Cal. Civil Code § 1788.30(b);

7    viii. Award Plaintiff statutory damages in an amount not exceeding $1,000
8          pursuant to 15 U.S.C. § 1692k(a)(2)(A), as incorporated by Cal. Civil Code
9          §1788.17;

10   ix.   Award Plaintiff the costs of this action and reasonable attorneys fees
11         pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civil Code §§ 1788.17 and
12         1788.30(c); and

13   x.    Award Plaintiff such other and further relief as may be just and proper.

14

15   **b.    Defendant's Statement**

16   Defendant seeks entry of dismissal of the complaint and such other and further relief as may
17   be just and proper.

18   **12.    Settlement and ADR**

19   Parties have filed a Joint ADR Stipulation and Proposed Order selecting Mediation as the
20   ADR process in this case.

21   **13.    Consent to Magistrate Judge for All Purposes**

22   The Parties have not consented to a Magistrate Judge for all purposes.

23   **14.    Other References**

24   None at this time.

25   **15.    Narrowing of Issues**

26   The Parties anticipate that resolution of motions may narrow the issues for determination.

27   **16.    Expedited Schedule**

28   The parties do not believe that an expedited schedule is necessary.

JOINT CASE MANAGEMENT STATEMENT AND DISCOVERY PLAN    Case No.  C07-03398-RMW-PVT

**17.    Scheduling**

| | |
|---|---|
| Initial Case Management Conference | October 5, 2007 |
| Close of Fact Discovery | March 31, 2008 |
| Fed. R. Civ. P. 26(a)(3) Disclosures | April 14, 200 |
| Last Day to File Dispositive Motions | May 5, 2008 |
| Opposition to Dispositive Motions | May 19, 2008 |
| Replies to Dispositive Motions | May 26, 2008 |
| Hearing on Dispositive Motions | June 13, 2008, at 9:00 a.m. |
| Final Pre-Trial Conference | June 19, 2008, at 2:00 p.m. |
| Jury Trial | July 9, 2008, at 1:30 p.m. |

**18.    Trial**

The parties anticipate that the action can be ready for trial in July 2008.

Estimated length of trial is 2-3 days.

**19.    Disclosure of Non-Party Interested Entities or Persons**

   **a.    Plaintiff's Statement**

Pursuant to Civil L.R. 3-16, Plaintiff states, on information and belief, that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

   i.    Tabitha Balivina Kniesch, an individual residing in Campbell, California.

   **b.    Defendant's Statement**

Pursuant to Civil L.R. 3-16, Defendant states, on information and belief, that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

-7-

1          i.      Defendant NCO Financial Systems, Inc. ("NCO"), a Pennsylvania
2                  corporation;
3          ii.     JDR Holdings, Inc. ("JDR"), a Delaware corporation, whole owner
4                  of NCO;
5          iii.    Compass International Services Corporation ("Compass"), a
6                  Delaware corporation, whole owner of JDR;
7          iv.     NCO Group, Inc. a Delaware corporation, whole owner of Compass.

8      **20.    Other Matters**

9      None at this time.

10

11     Dated: _September 18, 2007_                    /s/ Fred W. Schwinn_____
                                                      Fred W. Schwinn, Esq.
12                                                    Attorney for Plaintiff
                                                      TABITHA BALVINA KNIESCH
13

14     Dated: _September 18, 2007_                    /s/ Debbie P. Kirkpatrick_____
                                                      Debbie P. Kirkpatrick, Esq.
15                                                    Attorney for Defendant
                                                      NCO FINANCIAL SYSTEMS, INC.
16

17

18

19

20

21

22

23

24

25

26

27

28